UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ALAN G. BIGWARFE,

                            Plaintiff,

v.                                                      8:18-CV-0578
                                                            (GTS/DJS)

RAYMOND BRESNAHAN, Supervising Border Patrol
Agent; LENNY BECHARD, Intelligence Border Patrol
Agent; AARON CARLSON, K-9 Handler, Border
Patrol Agent; HJALMAR GOMEZ, Border Patrol
Agent; K-9 BALDO, K-9 (Dog) Border Patrol Agent;
KYLE R. KOWALOWSKI, NYS Police Officer
(Trooper), Badge #3576; JEFFREY C. KEHM,
Assistant Dist. Attorney; TIMOTHY BLATCHLEY,
Assistant Dist. Attorney; HON. JAMES P. KIRBY, Peru
Town Justice; MATTHEW G. FAVRO, ESQ., Attorney
at Law; and COUNTY OF CLINTON,

                            Defendants.
_____

APPEARANCES:

ALAN G. BIGWARFE, 16-A-0143
  Plaintiff, *Pro Se*
Attica Correctional Facility
Box 149
Attica, New York 14011

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently before the Court, in this *pro se* civil rights action filed by Alan G. Bigwarfe ("Plaintiff") against the above-captioned individuals, dog and county ("Defendants"), is United States Magistrate Judge Daniel J. Stewart's Report-Recommendation recommending that some of the claims in Plaintiff's Complaint be dismissed with prejudice, some of the claims be dismissed without prejudice, and some of the claims be permitted to proceed, and (2) Plaintiff's

Objection to the Report-Recommendation. (Dkt. Nos. 5, 10.) For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety, and Plaintiff's Complaint is partially dismissed.

## I. RELEVANT BACKGROUND

### A. Magistrate Judge Stewart's Report-Recommendation

Generally, in his Report-Recommendation, Magistrate Judge Stewart rendered the following five findings of fact and conclusions of law: (1) Plaintiff's Fifth, Sixth and Seventh Causes of Action, as well as all claims against K-9 Baldo, Hon. James P. Kirby, and Assistant District Attorneys Kehm and Blatchley, be *sua sponte* dismissed with prejudice for failure to state a claim upon which relief can be granted and for seeking monetary relief against a defendant who is absolutely immune from relief; (2) that all claims against Border Patrol Agents Bresnahan, Bechard, Carlson, and Gomez, as set forth in the First, Third, Fourth and Sixth Causes of Action, be dismissed with prejudice upon the grounds that these Border Agents are not state actors for purposes of 42 U.S.C. § 1983; (3) that Plaintiff's *Bivens* claim set forth in the Second Cause of Action against Trooper Kowalowski be dismissed with prejudice upon the grounds that the Trooper is not a federal actor; (4) that the claims against the County of Clinton be dismissed without prejudice under *Monell*; and (5) that Plaintiff's *Bivens* claims against Border Agents Bresnahan, Bechard, Carlson, and Gomez, as set forth in the Second Cause of Action, as well as Plaintiff's claims for false arrest, malicious prosecution, and denial of a fair trial against Trooper Kyle Kowalowski, as set forth in the First, Third, and Fourth Causes of Action, be permitted to proceed at this time. (Dkt. No. 5, at Part II.)

B.     **Plaintiff's Objection to the Report-Recommendation**

Generally, in his Objections, Plaintiff asserts the following six arguments: (1) most of the recommended dismissals with prejudice are inappropriate given the special solicitude that Plaintiff must be afforded as a pro se litigant; (2) Magistrate Judge Stewart erred in recommending the dismissal of Plaintiff's Fifth Cause of Action against Judge Kirby based on absolute immunity because Plaintiff's legal theory of liability against Judge Kirby was supported by an arguable basis in that it was based on his extra-jurisdictional actions rather than merely his position; (3) Magistrate Judge Stewart erred in recommending the dismissal of Plaintiff's Fourth and Fifth Causes of Action against Assistants District Attorney Kehm and Blatchley based on absolute immunity because, again, Plaintiff's legal theory of liability against these two Defendants was supported by an arguable basis in that it was based on their improper ("out of Court") actions rather than merely their positions; (4) Plaintiff should have the right to challenge K-9 Baldo's training, experience and performance as part of his *Bivens* claims against Bresnahan, Bechard, Carlson and Gomez; (5) Plaintiff's factual allegations giving rise to his First, Third, Fourth and Sixth Causes of Action against Bresnahan, Bechard, Carlson and Gomez should be incorporated into Plaintiff's Amended Complaint, because "it would be an unnecessary waste of resources and time to retype his complaint to include such facts and allegations"; and (6) Plaintiff's Seventh Cause of Action against Attorney Favro should be dismissed only without prejudice because Plaintiff has asserted, and/or will assert, factual allegations plausibly suggesting such a claim. (Dkt. No. 10.)[1]

---

[1]     In his Objections, Plaintiff expressly concedes several other recommendations of Magistrate Judge Stewart (e.g., the recommended dismissal with prejudice of Plaintiff's *Bivens* claim against Kowalowski because he is not a federal actor, the recommended dismissal with

## II. STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[2] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[3] Similarly, a district court will ordinarily refuse to consider argument that could have

---

prejudice of Plaintiff's *Bivens* claim against K-9 Baldo, and the recommended dismissal without prejudice of Plaintiff's *Monell* claim against the County).

[2] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[3] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[4] Finally, when *no* objection is made to a portion of a report-recommendation, the Court

---

[4] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[5]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### III.    ANALYSIS

After carefully reviewing the relevant papers herein, including Magistrate Judge Stewart's thorough Report-Recommendation, the Court can find and no clear error in the parts of the Report-Recommendation that Plaintiff has not specifically challenged, and no error in the parts of the Report-Recommendation that Plaintiff has specifically challenged: Magistrate Judge Stewart employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein. To those reasons, the Court adds the following analysis.

Even if the Court were to construe Plaintiff's First Objection as a specific challenge to the Report-Recommendation, the Court would reject that challenge. For the sake of brevity, the Court will set aside the issue of whether Plaintiff has become so experienced as a *pro se* civil rights litigant[6] that he no longer deserves the *full* extension of special solicitude ordinarily

---

[5] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

[6] *See, e.g., Bigwarfe v. St. Lawrence Cty. Sheriff's Dep't*, 99-CV-0781, *Pro Se* Civil Rights Complaint (N.D.N.Y. filed May 17, 1999); *Bigwarfe v. Whitton*, 09-CV-1126, *Pro Se* Civil Rights Complaint (N.D.N.Y. filed Oct. 7, 2009).

extended to *pro se* litigants. More important is the fact that the errors found by Magistrate Judge Stewart (in support of his recommendations of dismissals with prejudice) regard pleading defects that are substantive and not merely formal in nature.

In response to Plaintiff's Second and Third Objections, the Court finds that Plaintiff does not either point to factual allegations in his Complaint or proffer new factual allegations plausibly suggesting that the referenced Defendants were acting outside of the scope of their judicial and prosecutorial functions.

In response to Plaintiff's Fourth Objection, the Court finds that this objection in no way challenges a portion of the Report-Recommendation, much less substantiates such a challenge.

In response to Plaintiff's Fifth Objection, the Court finds that this objection also in no way challenges a portion of the Report-Recommendation, much less substantiates such a challenge. <u>Moreover, the Court hastens to add that Plaintiff's request to incorporate by reference portions of his Original Complaint in an Amended Complaint is denied</u>. *See* N.D.N.Y. L.R. 7.1(a)(4) ("Except if the Court otherwise orders, the proposed amended pleading must be a complete pleading, which will supersede the pleading sought to be amended in all respects. **A party shall not incorporate any portion of its prior pleading into the proposed amended pleading by reference**.") (emphasis added).

Finally, in response to Plaintiff's Sixth Objection, the Court finds that the error found by Magistrate Judge Stewart (in support of his recommendation of a dismissal with prejudice of Plaintiff's Seventh Cause of Action against Defendant Favro) regards a pleading defect that is substantive and not merely formal in nature. Plaintiff does not either point to factual allegations in his Complaint or proffer new factual allegations that plausibly suggest that Defendant Favro was a state actor for purposes of 42 U.S.C. § 1983.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 5) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the following claims are *sua sponte* **DISMISSED**:

(1) Plaintiff's Fifth, Sixth, and Seventh Causes of Action (including all claims against Defendant Favro), as well as all claims against K-9 Baldo, Hon. James P. Kirby, and Assistant District Attorneys Kehm and Blatchley, which are **DISMISSED with prejudice**;

(2) Plaintiff's claims against Border Patrol Agents Bresnahan, Bechard, Carlson and Gomez as set forth in Plaintiff's First, Third, Fourth and Sixth Causes of Action, which are **DISMISSED with prejudice**;

(3) Plaintiff's *Bivens* claim in his Second Cause of Action against Trooper Kowalowski, which is **DISMISSED with prejudice**; and

(4) all of Plaintiff's claims against the County of Clinton, which are **DISMISSED without prejudice**; and it is further

**ORDERED** that the following claims **SURVIVE** the Court's *sua sponte* review of Plaintiff's Complaint:

(1) Plaintiff's *Bivens* claims against Border Patrol Agents Bresnahan, Bechard, Carlson, and Gomez, as set forth in the Second Cause of Action; and

(2) Plaintiff's claims of false arrest, malicious prosecution, and denial of a fair trial against Trooper Kowalowski as set forth in Plaintiff's First, Third, and Fourth Causes of Action; and it is further

**ORDERED** that the Clerk of Court is directed to issue Summons and forward them, along with copies of the Complaint, to the U.S. Marshal for service upon **DEFENDANTS BRESNAHAN, BECHARD, CARLSON, GOMEZ, and KOWALOWSKI**, and Defendants are directed to respond in accordance with the Federal Rules of Civil Procedure; and it is further

**ORDERED** that <u>**any Amended Complaint that Plaintiff files, or seeks leave to file, shall be a complete pleading that supersedes his original Complaint in its entirety, and does not incorporate by reference any portion of that original Complaint**</u>.

Dated: October 18, 2018
       Syracuse, New York

                                          Hon. Glenn T. Suddaby
                                          Chief U.S. District Judge